IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELIOTEX, SRL,
ELIO CATTAN,
       Plaintiffs,                                06cv0582
   v.                                                         ELECTRONICALLY FILED

JOSEPH RICCELLI,
JAMES J. KEARNEY,
RICCELLI PROPERTIES, INC.,
INNOVATIVE DESIGNS, INC.,
JOHN DOE, JANE DOE, AND
RICHARD ROE
       Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court are plaintiffs' motion for partial summary judgment as to Counts I and III of their Amended Complaint (doc. no. 31), and defendants' motion for summary judgment in their favor on all claims (doc. no. 39). After careful consideration of the motions and responses thereto, the supporting statements of material facts and briefs, the record offered by the parties in support of their respective positions, and the record and procedural history of the related case from which the instant litigation was generated, R.M.F. Global, Inc. ("RMF") and Innovative Designs, Inc. ("IDI) versus Elio D. Cattan ("Cattan") and Eliotex, SRL ("Eliotex"), Civil Action No. 04-593, *R.M.F. Global, Inc. v. Cattan*, 2006 WL 544294 (W.D.Pa. 2006), this Court will deny the pending motions without prejudice, because of the impact the decision of the United States Court of Appeals for the Third Circuit in the appeal from this Court's Orders in that related case, currently calendared for November 2, 2007, is likely to have.[1]

---

[1] The docket of the Court of Appeals indicates that RMF also appealed this Court's dispositive orders but subsequently withdrew its appeal, and that despite being directed to file their Brief for Appellees, Cattan and Eliotex did not file said brief, and the Court of Appeals listed the case on Appellant's brief only.

The parties are quite familiar with the complicated procedural history of this case, and this court need not elaborate beyond this brief synopsis. RMF and IDI filed a five count complaint for declaratory, equitable and monetary relief against Cattan and Eliotex asking this Court to: (1) declare that they did not infringe on U.S. Patent No. 6,083,999 (the '999 patent), entitled "Process for the Preparation of a Super Lightweight Foamed Sheet;" (2) declare that the '999 patent is invalid and uneforceable; (3) declare that plaintiffs have not infringed on defendants' rights in the ELIOTEX trademark; (4) enjoin defendants from further tortious interference with plaintiffs' business and contractual relations; and (5) enjoin defendants from engaging in unfair competition. Defendants moved to dismiss or stay the proceedings, arguing that there was an "exclusive agency, distribution and marketing agreement" signed by the parties or their agents which contained a clause compelling arbitration before the Italian Arbitration Association.

This Court agreed with Cattan and Eliotex, and stayed the proceedings pending the IAA proceedings on September 23, 2004. On May 9, 2006, this Court entered final judgment against plaintiffs RMF and IDI, jointly and severally, in the amount of $4,176,000, plus legal interest thereon from May 6, 2005, confirming the award of the IAA. Joseph Riccelli had been named as a defendant in the IAA arbitration, but he, like RMF and IDI, did not participate. Cattan and Eliotex had attempted to join Mr. Riccelli as a party in the previous civil action in this Court, but the Court denied their motion to add a party because of their failure to comply with local rules and this Court's case management orders.

The Court ruled in favor of Cattan and Eliotex on the motion to confirm the award, rejecting RMF's and IDI's arguments that they had insufficient notice of the IAA proceedings, had inadequate opportunity to defend the claims, that the award was against public policy, that

the IAA proceedings were procedurally flawed, and that IDI was a non-signatory and could not be bound by the arbitration agreement.  The correctness of those rulings, at least as to IDI, will be determined by the Court of Appeals for the Third Circuit sometime after November 2, 2007.

On May 1, 2006, Cattan and Eliotex filed a one-count complaint against Mr. Riccelli in the instant case, to have the IAA Award confirmed and judgment on that award entered against him personally. Subsequently, plaintiffs herein added the other defendants claiming, at Count II, that the other defendants violated the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa.C.S. § 5101, by helping RMF and IDI hide assets, and at Count III, that Riccelli was merely the alter ego of the now defunct RMF and asking this Court to pierce the corporate veil.

The Court deems it to be a wise and efficient use of sparse judicial resources to await the ruling by the United States Court of Appeals for the Third Circuit in the related action before resolving the related issues raised by the pending motions for summary judgment.  At a minimum, the legal landscape of this case will be fixed by that Court's decision, and might be substantially altered, especially given that IDI's brief stands unchallenged by Cattan and Eliotex. And because the impact and possible claim or issue preclusive effect of that decision on this case will have to be argued by the parties in supplemental briefs, considered and decided by this Court, the motions for summary judgment will be denied without prejudice and up to date motions for summary judgment may thereafter be filed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for partial summary judgment as to Counts I and III of their Amended Complaint (doc. no. 31), and defendants' motion for summary judgment in their favor on all claims (doc. no. 39) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **30 days** from the docketing in this Court of the mandate from the United States Court of Appeals for the Third Circuit in the appeal in Civil Action No. 04-593, *R.M.F. Global, Inc. v. Cattan*, 2006 WL 544294 (W.D.Pa. 2006), the parties may file motions for summary judgments, with responses due within 20 days of the filing of any such motion. Said motions for summary judgment shall be accompanied by the requisite statements of material facts and memorandum of law in accordance with the local rules and this Court's practices and procedures.

**SO ORDERED** this 20th day of July, 2007.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record